STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

_____

ALVIN MCKENZIE
95 Mills Street
Buffalo, New York 14212

                Plaintiff

vs.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202

DEPARTMENT OF THE SHERIFF OF ERIE COUNTY
10 Delaware Avenue
Buffalo, New York 14202

TIMOTHY B. HOWARD as
ERIE COUNTY SHERIFF
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY HOLDING CENTER
40 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY DEPARTMENT OF
MENTAL HEALTH
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY DEPARTMENT OF
HEALTH
95 Franklin Street
Buffalo, New York 14202

                Defendants
_____

**SUMMONS**
**(Served with Complaint)**

Index No.:



RECEIVED
SEP 07 2012
ECDOH Administration

THIS DOCUMENT SHOULD IMMEDIATELY BE TURNED OVER TO YOUR LIABILITY INSURANCE CARRIER AND/OR ATTORNEY

FILED
08/23/2012
ERIE COUNTY CLERK
RCPT # 12131765
I 2012002903
15:36:10

TO THE ABOVE-NAMED DEFENDANTS:

*YOU ARE HEREBY SUMMONED AND REQUIRED* to serve upon the Plaintiff's attorneys at the addressed stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service, you must respond within 20 days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within 30 days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie at the designation of plaintiff.

Dated:   August 14, 2012
         Hamburg, New York

SHAW & SHAW, P.C.

_____
Christopher M. Pannozzo
Attorneys for Plaintiff
4819 South Park Avenue
Hamburg, New York 14075
(716) 648-3020 Telephone
(716) 648-3730 Fax

**SHAW SHAW**, PC
ATTORNEYS AND COUNSELORS AT LAW

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

ALVIN MCKENZIE
95 Mills Street
Buffalo, New York 14212

              Plaintiff

vs.
COUNTY OF ERIE
95 Franklin street
Buffalo, New York 14202

DEPARTMENT OF THE SHERIFF OF ERIE COUNTY
10 Delaware Avenue
Buffalo, New York 14202

TIMOTHY B. HOWARD as
ERIE COUNTY SHERIFF
10 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY HOLDING CENTER
40 Delaware Avenue
Buffalo, New York 14202

ERIE COUNTY DEPARTMENT OF
MENTAL HEALTH
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY DEPARTMENT OF
HEALTH
95 Franklin Street
Buffalo, New York 14202

             Defendants

**COMPLAINT**

Index No.:

FILED
ACTIONS & PROCEEDINGS

AUG 23 2012

ERIE COUNTY
CLERK'S OFFICE

---

**SHAW SHAW, PC**
ATTORNEYS AND COUNSELORS AT LAW

Plaintiff **ALVIN MCKENZIE**, by and through his attorneys, **Shaw & Shaw, P.C.**, for his Complaint against the defendants, alleges upon information and belief:

### The Parties

1. By virtue of the application of one or more of the exemptions listed in Section 1602 of Article 16 of the CPLR, the limitations and liability imposed by that Article do not apply to the cause or causes of action set forth herein

2. Plaintiff ALVIN MCKENZIE (hereinafter "MCKENZIE") at all times hereinafter mentioned, was and continues to be, a resident of the City of Buffalo, County of Erie, and State of New York.

3. Upon information and belief, and at all times hereinafter mentioned, defendant **COUNTY OF ERIE** (hereinafter "ERIE COUNTY") is a duly organized municipal corporation within the State of New York and, as such, is subjected and empowered to sue and be sued in the Supreme Court of the State of New York.

4. Upon information and belief, and at all times hereinafter mentioned, defendant DEPARTMENT OF THE SHERIFF OF ERIE COUNTY (hereinafter "SHERIFF") was and still is a police agency formed and existing under the laws of the State of New York, was and continues to be a governmental subdivision of Co-Defendant ERIE COUNTY.

5. Upon information and belief, and at all times hereinafter mentioned, Defendant TIMOTHY B. HOWARD, as ERIE COUNTY SHERIFF (hereinafter "HOWARD"), was and is a

resident of the County of Erie, State of New York, was and still is an employee of Co-Defendants ERIE COUNTY and SHERIFF.

6. Upon information and belief, and at all times hereinafter mentioned, Defendant ERIE COUNTY HOLDING CENTER (hereinafter "HOLDING CENTER"), was and continues to be a maximum security detention center, owned, operated, managed and controlled by Co-Defendants ERIE COUNTY, SHERIFF, and HOWARD, their employees, contractors, servants and agents, and is located in the County of Erie, State of New York.

7. Upon information and belief, and at all times hereinafter mentioned, defendant ERIE COUNTY DEPARTMENT OF MENTAL HEALTH (hereinafter "MENTAL HEALTH") was and still is a agency and/or department formed and existing under the laws of the State of New York, was and continues to be a governmental subdivision of Co-Defendant ERIE COUNTY.

8. Upon information and belief, and at all times hereinafter mentioned, defendant ERIE COUNTY DEPARTMENT OF HEALTH (hereinafter "HEALTH DEPARTMENT") was and still is a agency and/or department formed and existing under the laws of the State of New York, was and continues to be a governmental subdivision of Co-Defendant ERIE COUNTY.

9. That on October 6, 2011, Plaintiff caused the above named Defendants herein to be personally served with a Notice of Claim pursuant to the Laws of the State of New York relating to the allegations of the Complaint herein.

10. That on February 29, 2011, Plaintiff submitted to an oral examination by the Defendants pursuant to Section 50-e of the General Municipal Law.

11. That the Plaintiff has otherwise exhausted any and all administrative remedies

relating to the action herein.

12. That more than 30 days have passed since the service of the Notice of Claim herein, and the Defendants have failed, declined, or otherwise refused to pay the claim herein.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL NAMED DEFENDANTS HEREIN
(Negligence)

13. Plaintiff repeats those allegations of the complaint numbered previously as "1" through "12" as if fully set forth herein.

14. That on or about July 19, 2011, the Plaintiff was arrested in the City of Buffalo and charged with various violations of the Penal Law of the State of New York.

15. He was thereafter remanded to the custody, control and supervision of all the above named Defendants herein to await trial on the above charges.

16. That the Plaintiff was thereafter housed for custody at Defendant HOLDING CENTER, located at 40 Delaware Avenue, Buffalo, New York 14202.

17. That upon information and belief, the Plaintiff, ALVIN MCKENZIE, while under the care, custody, and control of the above captioned Defendants, did hang himself at the Erie County Holding center.

18. That as a result of the aforesaid conduce, Plaintiff suffered severe and permanent injuries, has and will continue to incur medical and hospital expenses related to his care, treatment and attempted cure of said injuries and residual effects thereof, has been and may be further

subjected to the impairment of his earnings, future earnings and/or future earning capacity as a result of the injuries sustained.

19. That upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carlessness, reckless and/or unlawful conduct on the part of the agents, servants and/or employees of all of the Defendants herein, more particularly:

 (A) In failing to appropriately supervise and observe the Plaintiff while he was incarcerated;

 (B) In failing and omitting to ensure the Plaintiff was provided and supplied with the necessary supervision and facilities for the prevention of the Plaintiff's suicide, particularly when the Defendants has actual and constructive knowledge and information regarding the Plaintiff's risk for suicide;

 (C) In failing to properly screen and evaluate the Plaintiff for a suicide risk;

 (D) Negligently, carelessly and failing and admitting to train employees, including, but not limited to the screening of inmates for risk of suicide;

 (E) Causing, allowing and permitting untrained employees, but not limited to its supporting staff to screen inmates for risk of suicide;

 (F) Negligently, carelessly and recklessly failing and omitting to provider

persons such as the plaintiff with any notice or warning of the lack of knowledge of the staff of the Defendants;

(G) Causing, allowing and permitting untrained personal to the needs of the inmates;

(H) Negligently, carelessly and recklessly supervising its employees performance of their duties;

(I) In failing and omitting to ensure the Plaintiff was provided and supplied with any necessary medications;

(J) In failing and omitting to have adequate and comprehensive policies, procedures and/or guidelines established and in place to prevent suicide attempts by inmates with a known risk for suicide; and

(K) In failing to follow those policies, procedures and/or guidelines already in place at the time of the occurrence herein; and

(L) The Defendants were otherwise negligent, careless and reckless.

20. That all of the named defendants herein affirmatively created the dangerous and defective condition described herein.

21. That this action falls within one or more of the exceptions set forth in CPLR 1602

22. That as a result of the foregoing, the Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL NAMED DEFENDANTS HEREIN

23. Plaintiff repeats those allegations of the complaint numbered previously as "1" through "22" as if fully set forth herein.

24. That the named Defendants have subjected the Plaintiff to egregious or flagrant conditions which deprived such persons of any and all rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

25. That as a result, the Plaintiff has suffered grievous harm, and has suffered severe and permanent injuries, has and will continue to incur medical and hospital expenses related to his care, treatment and attempted cure of said injuries and residual effects thereof, has been and may be further subjected to the impairment of his earnings, future earnings and/or future earning capacity as a result of the injuries sustained.

26. That such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities noted above.

27. That as a result, the named Defendants have violated Title 42 of the United States Code, Section 1997.

28. That as a result of the foregoing, the Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

29. That the Plaintiff is entitled to an award of attorney(s) fees for the prosecution of the within action.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST ALL NAMED DEFENDANTS HEREIN

30. Plaintiff repeats those allegations of the complaint numbered previously as "1" through "29" as if fully set forth herein.

31. The named defendants herein, at the time and places indicated was acting under color of the law of the State of New York and deprived plaintiff of the privileges and immunities guaranteed to every citizen of the United State by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and by reason thereof this Court has jurisdiction over plaintiff's claim for violation of his Federal Civil rights, pursuant to the provisions of 42 U.S.C. §1983.

32. That the entire course of conduct of the named defendants as enumerated above was in violation of plaintiff's federally secured Constitutional rights.

33. That as a result of the foregoing, the Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

34. That the Plaintiff is entitled to an award of attorney(s) fees for the prosecution of the within action.

WHEREFORE, plaintiff demands judgment against defendants in an unliquidated sum which exceeds the monetary jurisdictional limits of all New York State courts, but does not exceed the monetary jurisdictional limits of the Supreme Court of Erie County, New York, together

**SHAW SHAW, PC**
ATTORNEYS AND COUNSELORS AT LAW

with costs, disbursements and other relief as the Court may deem just, proper and equitable.

DATED:   August 14, 2012
         Hamburg, New York

                                    SHAW & SHAW, P.C.


                                    _____
                                    Christopher M. Pannozzo
                                    Attorneys for Plaintiff
                                    4819 South Park Avenue
                                    Hamburg, New York 14075
                                    (716) 648-3020 Telephone
                                    (716) 648-3730 Telecopier