UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALVIN McKENZIE,

        Plaintiff,

v.                                             **DECISION AND ORDER**
                                                    12-CV-912S

COUNTY OF ERIE, *et al.*,

        Defendants.

---

        1.     Plaintiff, Alvin McKenzie, a former inmate at the Erie County Holding Center in Buffalo New York, brings this action against the County of Erie, the County's Sheriff – Timothy Howard – and several of the County's departments.

        Defendants now move to dismiss the complaint.[1] For the following reasons, that motion is granted in part and denied in part.

        2.     According to the complaint, while in the custody of Erie County at the Holding Center, McKenzie hanged himself in an unsuccessful attempt to take his own life. He brings this action against the County for failure to properly care for him.

        3.     Defendants move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

---

[1] Defendants filed this motion on September 27, 2012, submitting a brief and an attorney affidavit in support thereof. McKenzie responded on October 15, 2012 with a brief and an attorney affidavit of his own. Defendants did not submit a Reply.

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 556 U.S. at 678. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 678; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

4. As an initial matter, state-law claims against the Sheriff and all claims against each of the five Erie County departments named in the complaint – the Department of the Sheriff, the Erie County Holding Center, the Erie County Department of Health, and the Erie County Department of Mental Health – must be dismissed.

McKenzie's state claims against the Sheriff are time barred. Under New York's Civil Procedure Rule 215(1), "an action against a sheriff . . . upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty" shall be commenced

within one year from the incident giving rise to the suit." See Taylor v. Mayone, 626 F.2d 247, 251, n. 5 (2d Cir .1980); Houghton v. Cardone, 295 F. Supp. 2d 268 (W.D.N.Y. 2003); Kingston v. Erie County, 122 A.D.2d 543, 543, 505 N.Y.S.2d 9 (4th Dept.1986). McKenzie does not dispute that his claim was commenced over one year after the incident giving rise to the suit; instead, he argues that the applicable statute of limitations is one year and ninety days. But that time period, which is set forth in New York's General Municipal Law § 50-i, applies to claims against the County, not the Sheriff. Duryea v. County of Livingston, No. 06 CV 643T, 2007 WL 1232228, at *3 (W.D.N.Y. Apr. 26, 2007) (citing Fljer v. Cayuga County, No. 5:03-CV-578, 2006 WL 2655698, at *4 (N.D.N.Y. Sept. 15, 2006) ("CPLR § 215(1) provides the statute of limitations for tort claims against a sheriff and his deputies while [General Municipal Law] § 50-i sets forth the limitations period for tort claims against a county."). Thus, this claim must be dismissed.[2]

McKenzie's claims against the various Erie County departments must also be dismissed. Each of these departments is merely an administrative arm of the County, and they therefore lack the capacity to be sued. See, e.g., S.W. by J.W. v. Warren, 528 F. Supp. 2d 282, 303 (S.D.N.Y. 2007) ("Because the Department of Health is merely an administrative arm of the County, it lacks the capacity to be sued in this action"); Holley v. County of Orange, N.Y., 625 F. Supp. 2d 131, 143 (S.D.N.Y. 2009) ("[T]here can be no claims against the Sheriff's Department itself as it is an arm of a municipality"); Tulloch v.

---

[2]To the extent McKenzie has sued the Sheriff under 42 U.S.C. § 1983, that claim is governed by a three-year statute of limitations, and is therefore not time barred. See Taylor, 626 F.2d at 253 ("[T]he appropriate statute of limitations for § 1983 actions against sheriffs and their deputies is the three-year provision of CPLR § 214(2) rather than the one-year provision of § 215(1).").

Erie Cnty. Holding Ctr., No. 10-CV-0207S, 2010 WL 2609054, at *2 (W.D.N.Y. June 24, 2010) ("[C]laims against the Erie County Holding Center must be dismissed because [] the Erie County Holding Center is merely an arm of the County, and does not have a legal identity separate and apart from the County and thus cannot be sued.").

5. McKenzie also seeks to assert a claim under 42 U.S.C. § 1997, the Civil Rights of Institutionalized Persons Act of 1980, amended in 1996 by the Prison Litigation Reform Act. But "Plaintiff may not assert a cause of action under § 1997, because this statute only creates a cause of action for the Attorney General of the United States." Laureano v. Vega, No. 92 CIV. 6056 (LMM), 1994 WL 68357, at *6 (S.D.N.Y. Feb. 25, 1994); see also McDonald v. Rivera, No. 9:06CV410(LEK/DEP), 2008 WL 268345, at *11 (N.D.N.Y. Jan. 30, 2008) (Report and Recommendation; adopted in full); Miller v. Carpinello, No. 06 CV 12940 (LAP), 2007 WL 4207282, at *5 (S.D.N.Y. Nov. 20, 2007).

6. Last, Defendants seek to dismiss McKenzie's complaint generally, arguing that it contains only conclusions of law and thus fails to satisfy the relevant pleading standard. But this Court finds that McKenzie's complaint contains "sufficient factual matter" under Iqbal. 556 U.S. at 678. Though factually sparse, McKenzie alleges in his complaint that he hanged himself as a result of Defendants' failure to properly evaluate him as a suicide risk and failure to provide him with necessary medication. Presuming these allegations to be true, they "nudge the claim across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.

****

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 4 ) is

GRANTED in part and DENIED in part.

       SO ORDERED.


Dated: September 23, 2013
      Buffalo, New York

                                                            _____/s/William M. Skretny
                                                                 WILLIAM M. SKRETNY
                                                                        Chief Judge
                                                          United States District Court